**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-00373-CMA-NYW

STEPHEN KYLE HAMPER,

    Plaintiff,

v.

RANDOLPH ROMERO,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE NINA Y. WANG**

---

This matter is before the Court on the March 31, 2020 Recommendation of United States Magistrate Judge ("the Recommendation") (Doc. # 77), wherein Magistrate Judge Nina Y. Wang recommends dismissal of the instant action without prejudice pursuant to D.C.COLO.LCivR 41.1 for Plaintiff's failure to prosecute, comply with Orders of the Court, and this District's Local Rules of Civil Practice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons described herein, the Court affirms and adopts the Recommendation and dismisses the instant action without prejudice.

**I.     BACKGROUND**

On February 11, 2019, Plaintiff Stephen Kyle Hamper initiated this action by filing his *pro se* Prisoner Complaint. (Doc. # 1.) On May 2, 2019, Plaintiff filed his Amended

Prisoner Complaint at the direction of Magistrate Judge Gallagher, asserting two Eighth Amendment claims—i.e., excessive force and deliberate indifference. (Doc. # 7.) On January 6, 2020, this Court adopted the December 3, 2019 Recommendation of Magistrate Judge Wang (Doc. # 71), thereby dismissing Plaintiff's deliberate indifference claim in its entirety and dismissing his excessive force claim against all defendants except Defendant Romero. (Doc. # 75.)

On October 2, 2019, Judge Wang set a status conference in this action for December 4, 2019 ("the Status Conference"). (Doc. # 57.) Plaintiff failed to appear at the Status Conference without notice to the Court. Given Plaintiff's failure to appear, Judge Wang issued an Order to Show Cause for lack of prosecution. (Doc. # 74.) Specifically, Magistrate Judge Wang ordered Plaintiff to show cause, by December 30, 2019, "why this court should not recommend dismissal of this action for failure to prosecute under D.C.COLO.LCivR 41.1 and for Plaintiff's failure to comply with this District's Local Rules of Civil Practice and an Order of the court, including appearing at a court-scheduled Status Conference." (*Id*. at 3.) The Order to Show Cause warned Plaintiff that his failure to comply with the Order may result in Judge Wang recommending dismissal of this action.

Plaintiff failed to respond to the Order to Show Cause. Three months after the deadline to show cause had passed, Defendant Romero filed a Notice of Plaintiff's Failure to Respond to Order to Show Cause. (Doc. # 76.) On March 31, 2020, Magistrate Judge Wang issued the instant Recommendation, noting that "[t]o date, Mr.

Hamper has not responded to the Order to Show Cause and the time to do so has since expired." (Doc. # 77 at 2–3.)

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (*Id*. at 4.) Despite this advisement, no objection to the Recommendation has been filed.

On April 10, 2020, Plaintiff filed "Plaintiff's Response to Defendants Notice of failure to Show Cause." (Doc. # 79.) The Court does not construe Plaintiff's filing as an objection to the Recommendation because Plaintiff does not reference the Recommendation. Instead, the Court construes the filing as a very belated response to Judge Wang's Order to Show Cause. Nevertheless, the Court reviews the Recommendation *de novo* because Plaintiff's filing relates to his failure to prosecute.

## II.   LEGAL STANDARDS

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting her review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

However, "the district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.     D.C.COLO.LCivR 41.1**

Local Rule of Civil Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice for failure to prosecute or defend, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

**C.     *PRO SE* PLAINTIFF**

The Court cannot and does not act as an advocate for a *pro se* party. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). A party's *pro se* status

does not entitle him to application of different rules, *see Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002), or exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

### III.   DISCUSSION

In her Recommendation, Magistrate Judge Wang recommended that the instant case should be dismissed for failure to prosecute:

> Mr. Hamper has failed to respond to this court's Order to Show Cause and has failed to explain his absence from the December 4, 2019 Status Conference. As mentioned, nothing on the court's docket reflects that Mr. Hamper was not receiving court filings or notice of the December 4, 2019 Status Conference. Given that Mr. Hamper has not responded to the Order to Show Cause in the time allotted []or the nearly three months since, I find the circumstances warrant dismissal of this civil action for lack of prosecution pursuant to D.C.COLO.LCivR 41.1. . . .

(Doc. # 77 at 3.)

In Plaintiff's Response to Defendant's Notice of Failure to Show Cause, Plaintiff asks the Court not to dismiss this case and provides three reasons to support his request. First, he states that the prison has cut off his access to the law library due to the COVID-19 pandemic. Second, Plaintiff states that he was unaware of the missed court date until April 2, 2020, because of a breakdown in the coordination between his case managers and himself. Third, he states that the Court should consider his "extreme hardships" in fulfilling the requirements of prosecuting this case as an incarcerated individual who is not a lawyer. The Court will consider each of these arguments in turn.

5

### A.  THE IMPACT OF COVID-19 ON PLAINTIFF'S PROSECUTION OF THE INSTANT CASE

Plaintiff asks the Court "to take into [consideration] the public health crisis and [his] complete lack of access to Buena Vista [Correctional Facility]'s Law Library or any of its reference material." (Doc. # 79 at 1.) However, Judge Wang set the Status Conference on October 2, 2019, Plaintiff failed to appear at the Status Conference on December 4, 2019, and Plaintiff's response to the Order to Show Cause was due by December 30, 2019. The COVID-19 pandemic in Colorado postdated Plaintiff's failure to prosecute by several months, with the first case of COVID-19 occurring in Colorado on March 5, 2020.[1] Consequently, COVID-19 does not explain or excuse Plaintiff's failure to prosecute.

### B.  COORDINATION BREAKDOWN BETWEEN CASE MANAGERS

Next, Plaintiff represents that he was unaware of the missed court date until April 2, 2020, because having multiple case managers over the preceding months led to a breakdown in coordination between the case management office, himself, and this Court. (Doc. # 79 at 2.) Plaintiff also represents that he was unaware he failed to respond to an Order to Show Cause. (*Id*. at 4.)

---

[1] *See, e.g.*, Jared Polis, *Updated Information on COVID-19*, https://www.colorado.gov/governor/news/updated-information-covid-19 (March 5, 2020) (first known occurrence of COVID-19 in Colorado occurred on March 5, 2020); Donald J. Trump, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak (March 13, 2020) (proclaiming on March 13, 2020 that COVID-19 outbreak in the United States is a national emergency); CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2) (enacted on March 27, 2020); General Order 2020-1: COVID-19 RESTRICTIONS REGARDING ENTRANCE TO COURTHOUSE OR COURTROOMS (D. Colo. March 13, 2020) (Brimmer, C.J.) (first District of Colorado general order regarding COVID-19 entered on March 13, 2020).

However, Plaintiff provides no explanation for why he would not have received multiple orders of this Court sent to him by mail, including the order setting the date of the Status Conference and the Order to Show Cause. Plaintiff does not contend that his mailing address changed or that he has been otherwise unable to receive mail. The Court has no reason to believe that is the case, particularly because Plaintiff received the notice filed by Defendant during the COVID-19 pandemic. Even if coordination with his case managers could explain Plaintiff's failure to appear at the Status Conference, it cannot explain his failure to inform the Court in writing of his inability to attend the Status Conference or his failure to respond to the Order to Show Cause. Therefore, Plaintiff's case managers do not explain or excuse his failure to prosecute.

C.   THE CHALLENGES OF PROSECUTING THIS ACTION AS AN INCARCERATED NON-LAWYER

Finally, Plaintiff asks the Court to consider the hardships he experiences as a non-lawyer, including difficulty doing legal research, understanding what is asked of him, or responding to this Court or to Defendant. *See, e.g.*, (Doc. # 79 at 6–7) ("I am unable to intelligently respond to 'failure to prosecute under D.C.Colo.LCivR 41.1.' as I do not know what Rule 41.1 is and will have no way of looking it up in the foreseeable future."). While the Court is sympathetic to Plaintiff's circumstances, Plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Nor does it exempt him from complying with the procedural rules that govern all civil actions filed in this District, including the Local Rules of Practice for the District of Colorado and D.C.Colo.LCivR 41.1. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Plaintiff may choose to

refile when he is ready to comply with the procedural rules that apply to all litigants in this District.

## IV.     **CONCLUSION**

After reviewing the Recommendation, the record, and the relevant legal authority, the Court agrees with Magistrate Judge Wang's recommendation that the instant case should be dismissed for Plaintiff's failure to prosecute and failure to comply with Orders of the Court and this District's Local Rules of Civil Practice. Accordingly, it is

ORDERED that the March 31, 2020 Recommendation of United States Magistrate Judge (Doc. # 77) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Orders of the Court and the Local Rules of Civil Practice, pursuant to D.C.COLO.LCivR 41.1.


DATED: April 30, 2020

                                              BY THE COURT:

                                              _____
                                              CHRISTINE M. ARGUELLO
                                              United States District Judge